UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHIRMAI TSEHAYE,<br><br>                            Petitioner,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, et al.,<br><br>                            Respondents. | Case No.:  3:26-cv-0919-CAB-SBC<br><br>**ORDER PARTIALLY GRANTING<br>WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Ghirmai Tsehaye's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner, proceeding pro se, claims his prolonged detention by immigration authorities violates the Due Process Clause of the Fifth Amendment.  [*Id.* at 2, 6.]  He seeks immediate release or, at minimum, a bond hearing.  [*Id.* at 7.]  For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.    BACKGROUND

Petitioner is an Ethiopian national and part of the Tigrayan ethnic minority group. [Petition at 12.]  He entered the United States near Otay Mesa, California on November 28, 2024, was identified as an inadmissible arriving alien under 8 U.S.C.

§ 1182(a)(7)(A)(i)(I), and was taken into custody by Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1225(b).  [Doc. No. 5 at 2.]  He was interviewed by an asylum officer and received a positive credible fear determination; he was then issued a Notice to Appear ("NTA"), which initiated removal proceedings.  [*Id*.]  Petitioner's initial master calendar hearing was scheduled for February 3, 2025 but was continued four times at his request – first to obtain counsel, and subsequently to prepare for his immigration proceedings.  [*Id.* at 2–3.]  On March 4, 2026, Petitioner had an individual merits hearing during which an immigration judge: (1) ordered he be removed to Ethiopia; and (2) denied his application for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the Convention Against Torture.  [Doc. No. 8 at 2.]  Petitioner claims that he filed his appeal with the Board of Immigration Appeals ("BIA") on March 6, 2026.  [Doc. No. 11 at 2.]  To date, Petitioner does not have a final order of removal.

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

### A.    Jurisdiction

Respondents challenge this Court's jurisdiction based on 8 U.S.C. § 1252(g).  [Doc. No. 5 at 4–5.]  Section 1252(g) provides in relevant part: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  As the Supreme Court reasoned in *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999), § 1252(g) "applies only

to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Id.* (cleaned up) (emphasis added). *See also Ibarra-Perez v. United States*, 154 F.4th 989, 991 (9th Cir. 2025) ("The Supreme Court has instructed that we should read § 1252(g) narrowly."). Accordingly, § 1252(g) does not bar the "many other decisions or actions that may be part of the deportation process[,]" including the decision "to refuse reconsideration" of the "final order that is the product of the adjudication." *Reno*, 525 U.S. at 482. Moreover, "[i]t is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Id.*

Here, the Petition does not contest the decision to commence proceedings, the adjudication of Petitioner's removal case, or any action to execute a removal order. Rather, Petitioner seeks review of the legality of his detention, arguing that the length of time he has been detained violates due process. He does not seek to relitigate in this Court the Immigration Judge's order of removal; indeed, he is separately pursuing an appeal with the BIA. The sole relief Petitioner seeks here is release from custody while his immigration case is fully adjudicated. Accordingly, the Court is satisfied of its jurisdiction and proceeds to the merits.

### B.   Due Process Claim

Petitioner argues that his prolonged detention without a bond hearing—to date fifteen months—violates his Fifth Amendment right to due process. [*See* Doc. No. 11 at 2.] Respondents argue that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved. [Doc. No. 5 at 5–6.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court has not decided the *constitutional question* of whether indefinite detention is permitted. *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *5–6 (S.D. Cal. Jan. 16, 2026).

3:26-cv-0919-CAB-SBC

As to that constitutional question, this Court held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention. *Id.* at *6; *see Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Respondents' position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Regarding the second factor, which consists of "the anticipated duration of all removal proceedings—including

administrative and judicial appeals[,]" *Banda*, 385 F. Supp. 3d at 1119, Petitioner submitted his appeal on March 6, 2026 and it is unclear whether it will be adjudicated soon. Accordingly, the second factor favors Petitioner. As to the third *Banda* factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Id.* (second alteration in original). Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8. Thus, the third factor favors Petitioner. Regarding the fourth factor, there is evidence that suggests Petitioner requested delays in his proceedings, [Doc. No. 5 at 2–3], and therefore, this factor weighs against him. The fifth factor similarly weighs against Petitioner as he does not allege that the government has caused any delays. Finally, the sixth factor is neutral as the Court "does not have sufficient information to determine whether the appeal is nonfrivolous or whether petitioner ultimately will prevail." *Banda*, 385 F. Supp. 3d at 1120. This factor is thus neutral.

In sum, factors one (the most important), two, and three weigh for Petitioner, while factors four and five weigh against him, and factor six is neutral. With three factors, including the most important factor, in his favor, and only two factors against him, the Court concludes that Petitioner's continued mandatory detention without a bond hearing violates his right to due process. Petitioner is entitled to an individualized bond hearing before an immigration judge.

### IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **April 13, 2026**.

///

3:26-cv-0919-CAB-SBC

Respondents shall update the Court on the result of the bond hearing by **April 15, 2026**.

It is **SO ORDERED**.

Dated: March 30, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

6

3:26-cv-0919-CAB-SBC